

# Fourth Court of Appeals
## San Antonio, Texas

## DISSENTING OPINION

No. 04-19-00119-CV

**INFINITY COUNTY MUTUAL INSURANCE COMPANY**,
Appellant

v.

Michael **TATSCH**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 12977
Honorable N. Keith Williams, Judge Presiding

### DISSENT TO OPINION ON EN BANC RECONSIDERATION

Opinion by:      Luz Elena D. Chapa, Justice
Dissenting Opinion by: Patricia O. Alvarez, Justice (joined by Sandee Bryan Marion, Chief
                                Justice and Rebeca C. Martinez, Justice)

Sitting en banc: Sandee Bryan Marion, Chief Justice
                        Rebeca C. Martinez, Justice
                        Patricia O. Alvarez, Justice
                        Luz Elena D. Chapa, Justice
                        Irene Rios, Justice
                        Beth Watkins, Justice
                        Liza A. Rodriguez, Justice

Delivered and Filed: December 23, 2020

    I agree with the majority that this case turns on a policy construction question, but because

the majority misconstrues the policy and fails to render the proper judgment, I respectfully dissent.

## POLICY'S PLAIN LANGUAGE

Under "PART E—COVERAGE FOR DAMAGE TO YOUR INSURED AUTO," the "INSURING AGREEMENT" provision states as follows:

> If you pay a specific premium for this coverage, we will pay for **loss** to **your insured auto**, including its factory-installed, permanently attached equipment which is considered standard for your **insured auto**, caused by:
>   1. **Collision**;
>   2. **Comprehensive**; or
>   3. **Fire and Theft with Combined Additional Coverage** . . . .

In Part E, loss is defined as "direct and accidental . . . damage to **your insured auto**." The definition reiterates that "insured auto" includes all the "equipment which is permanently installed at the factory by the original make and model manufacturer and considered standard equipment for such vehicle" but does not include, e.g., "[e]quipment or alterations installed by a conversion facility to an auto or camper." Thus, the policy covers "damage to **your insured auto**" but excludes loss "[r]esulting from or caused by . . . [m]echanical . . . breakdown or failure."

## MAJORITY'S INCORRECT SUBSTITUTION

In contravention of the policy's plain language that "'**Loss**' means direct and accidental loss of or damage to **your insured auto**," the majority improperly inserts one of the insured auto's covered components, the engine, in place of the policy's chosen term, the insured auto.

Based on that erroneous substitution, the majority concludes the policy "does not cover *engine damage* resulting from or caused by a machine not working properly." (Emphasis added). This is the majority's crucial construction error, and its analysis continues to an incorrect conclusion—that remand is appropriate. To justify its conclusion, the majority states "Infinity produced no expert testimony explaining how the breakdown of the truck or the fuel system damaged the engine." But that is the wrong question.

The right question, based on the proper reading of the policy's plain language, is whether the damage to the insured auto was caused by mechanical breakdown or failure, and the majority's own statement answers the question: "The undisputed evidence establishes the existence of mechanical failure because the engine and fuel system stopped working properly." That is precisely Infinity's argument: the loss—the damage to the insured auto—is excluded because it resulted from or was caused by the mechanical failure of the engine and fuel system. Infinity moved for summary judgment on that basis, and the trial court should have rendered judgment for Infinity.

### CONCLUSION

The policy's plain language excludes coverage for damage to the insured auto "[r]esulting from or caused by . . . mechanical . . . breakdown or failure." And as the majority correctly states, "[t]he undisputed evidence establishes the existence of mechanical failure." Therefore, I would reverse the trial court's judgment and render judgment for Infinity. Because the majority decides otherwise, I respectfully dissent.

Patricia O. Alvarez, Justice